Gary M. Zadick
James R. Zadick
UGRIN ALEXANDER ZADICK, P.C.
#2 Railroad Square, Suite B
P.O. Box 1746
Great Falls, MT 59403
Telephone: (406) 771-0007
Facsimile:  (406) 452-9360

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, | CAUSE NO.: |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| v. | |
| J & R ASSETS, RYAN FAST, JASON SAUER AND COOL INVESTMENTS, LLC. | |
| Defendants. | |

COMES NOW Plaintiff Employers Mutual Casualty Company and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Employers Mutual Casualty Company ("EMC") is an Iowa insurance company, incorporated in the state of Iowa with its principal place of business in Des Moines, Iowa and authorized to do business in Montana.

2. Defendant J & R Assets, LLC, ("J & R") is a Montana limited liability company with a principal place of business at 34 East Hanson Road, Glasgow, Montana, 59230.

3. Defendants Ryan Fast and Jason Sauer are residents and citizens of the State of Montana.

4. Cool Investments LLC is an Arizona corporation, incorporated in the State of Arizona, with its principal place of business in Arizona.

5. Accordingly, as Plaintiff is a citizen of Iowa and Defendants are citizens of Montana and Arizona there is complete diversity of citizenship between the parties. The above-entitled court has jurisdiction to this case pursuant to 28 U.S.C. § 1332.

6. This Court possesses jurisdiction to determine the rights and obligations of the parties according to the insurance policy at issue under the Federal Uniform Declaratory Judgment Act, at

7. An actual controversy exists regarding EMC's duty to defend or duty to indemnify J & R, Ryan Fast and Jason Sauer regarding the claims of Cool

Investment in the Underlying Action in Montana Seventeenth Judicial District Court.

## THE UNDERLYING ACTION

8. J & R, Ryan Fast and Jason Sauer are defendants in underlying litigation in Montana Seventeenth Judicial District Court, Valley County, captioned *Cool Investment, LLC, v. J & R Assets, LLC, Ryan Fast, individually, Jason Sauer, individually and John Does I-IV*, Cause No. DV-2022-38 ("the underlying action"). A true and correct copy of the operative complaint in the underlying action is attached as Exhibit A.

9. The underlying plaintiff, Cool Investment, LLC, ("Cool Investment") alleges that it owns property in Glasgow, Montana, adjacent to property owned by J & R. Ex. A, ¶¶ 5-6.

10. Cool Investment alleges that it purchased its property in Glasgow, Montana, in 2019. Ex. A., ¶¶ 16-19.

11. Cool Investment claims that after this purchase, it discovered a previously undisclosed building on J & R's property. Ex. A, ¶ 21.

12. Cool Investment claims that J & R's building violates various Declarations of Cross Easements and Covenants that apply to both Cool Investment's and J & R's properties. Ex. A, ¶ 22-24.

13. Cool Investment claims, for example, that J & R's building is oversized for its lot in a way that impedes the visibility of Cool Investment's property, that J & R changed traffic flow to the detriment of Cool Investment's property, and that J & R constructed a sign out of compliance with the Declarations. Ex. A, ¶¶ 25-29. Cool Investment claims that J & R's conduct regarding the foregoing was in violation of declarations and covenants applicable to both Cool Investment's and J & R's property. Ex. A, ¶¶ 24-29.

14. Cool Investment claims that J & R's preceding conduct breached relevant covenants, that J & R breached implied duties of good faith and fair dealing arising out of the covenants, that J & R intentionally interfered with Cool Investment's property and prospective economic advantage, and that J & R acted with malice towards Cool Investment's by using its land and constructing its building in breach of the relevant declarations and covenants. Ex. A, ¶¶ 30-47.

15. Cool Investment does not allege any covered "Personal Injury and Advertising Injury" in the Underlying Action as defined in the Policy and any such claim would be subject to exclusion as addressed herein.

16. Cool Investment claims damages from alleged violations by the Defendants of the applicable declarations and covenants in the form of lost business income

and impaired market value.  Ex. A, ¶¶ 26, 41.  Cool Investment also claims punitive damages and attorney's fees.  Ex. A, pg. 10.

## THE EMC POLICY

17. EMC issued a Businessowners Policy to J & R, the named insured, Policy Number 5W2-37-62---21, with effective dates of December 19, 2018, through December 19, 2019 ("the Policy").

18. The Policy was renewed for successive one-year periods of 12/19/19-12/19/20, 12/19/20-12/19/21, and 12/19/21-12/19/22.  A true and correct copy of the Policy for the 12/19/19 to 12/19/20 policy period is attached as Exhibit B.

19. The Policy provides the following Business Liability coverage in Section II:

A. Coverages
   1. Business Liability
      a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But:

> (1) The amount we will pay for damages is limited as described in Paragraph **D.** Liability And Medical Expenses Limits Of Insurance in Section **II** – Liability; and
>
> (2) Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph **f.** Coverage Extension – Supplementary Payments.
>
> (c) Prior to the policy period, no insured listed under Paragraph **C.1.** Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.
>
> b. This insurance applies:
>
> (1) To "bodily injury" and "property damage" only if:
>
> (a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> (b) The "bodily injury" or "property damage" occurs during the policy period; and
>
> (2) To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

Ex. B, pg. 45.

20. The Expanded Businessowners Extension Endorsement to the Policy provides the following amended definition of "bodily injury":

> 11. Paragraph **F.3.** Liability And Medical Expenses Definitions is replaced by the following:
>
> 3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these at anytime.

Ex. B, pg. 97.

21. The Policy defines "occurrence" as:

6

> 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Ex. B, pg. 59.

22. The Policy defines "property damage" as:

> 17. "Property damage" means:
>     a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>     b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

23. Exclusion K to the Businessowners Liability coverage excludes coverage for "property damage":

> k. Damage To Property
>    "Property damage" to:
>    (1) Property you own, rent or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

Ex. B, pg. 51.

24. Exclusion N to the Businessowners Liability coverage excludes coverage for damage to impaired property not physically injured:

> n. Damage To Impaired Property Or Property Not Physically Injured
>    "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

7

> (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
>
> (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
>
> This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

Ex. B, pg. 51.

25. Exclusion P to the Businessowners Liability coverage excludes "personal and advertising injury" caused by or at the direction of the insured:

> **p. Personal And Advertising Injury**
>
> "Personal and advertising injury":
>
> (1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

Ex. B, pg. 52.

26. The Expanded Businessowners Extension Endorsement to the Policy provides the following amended exclusion:

> 4. With respect to **B.1.a. Exclusions Applicable To Business Liability Coverage** is replaced with the following:
>
> **a. Expected or Intended Injury**
>
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

Ex. B, pg. 96.

27. The Policy defines an "insured" as:

> C. Who Is An Insured
> 1. If you are designated in the Declarations as:
>
> [. . .]
>
> c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

Ex. B, pg. 55.

28. The Policy excludes coverage for payment of attorneys' fees taxed against the insured:

> f. Coverage Extension – Supplementary Payments
> (1) We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:
>
> [. . .]
>
> (e) All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

Ex. B, pg. 46.

29. The Continuous or Progressive Injury or Damage Exclusion endorsement to the Policy excludes coverage for "bodily injury" or "property damage" that was in progress as of the inception of the Policy or commenced or occurrence prior to the inception of the Policy:

> Section II – Liability is amended as follows:
>
> A. Paragraph B.1. Exclusions, is amended to add the following:
>
> Exclusion for "Bodily Injury" or "Property Damage" Which Commences Prior to Inception of Policy
>
> This insurance does not apply to any "bodily injury" or "property damage" which was in progress as of the inception date of this policy or which commenced, or which is alleged to have occurred, prior to the inception or effective date of this policy, whether such "bodily injury" or "property damage" is known, unknown or should have been known by any "insured." We have no duty to defend any "suit" or claim alleging such "bodily injury" or "property damage."
>
> This exclusion applies regardless of whether any "bodily injury" or "property damage" which commenced prior to the inception or effective date of this policy or which is, or is alleged to be occurring as of the inception of this policy, continues or progressively deteriorates during or after this policy period.

Ex. B, pg. 82.

30. Montana law precludes coverage for punitive damages unless the insurance policy expressly provides coverage for punitive damages. § 33-15-317, MCA. The Policy does not expressly include coverage for punitive damages. *See* Ex. B.

## COUNT I—CLAIM FOR DECLARATORY JUDGMENT

31. The foregoing paragraphs are reincorporated as if fully alleged herein.

32. EMC is currently defending the Defendants in the Underlying Action under reservation of rights asserting that EMC disputes coverage or a duty to defend or indemnify J & R, Ryan Fast and Jason Sauer for the Underlying Action.

33. A present dispute exists between EMC and J & R, Ryan Fast and Jason Sauer regarding EMC's duty to defend and duty to indemnify them for the Underlying Action.

34. It is the position of EMC that it has no obligation or duty to defend or duty to indemnify J & R, Ryan Fast and Jason Sauer with respect to the Underlying Action on at least the following grounds:

    a. The Underlying Action does not assert "bodily injury" or "property damage" caused by an "occurrence;"

    b. The Underlying Action only alleges economic losses caused by J & R's willful or intentional conduct;

    c. The Policy excludes coverage for expected or intended injury;

    d. The Policy excludes coverage for damage to impaired property that was not physically injured;

    e. The Policy excludes coverage insofar as the building and attendant violations of the covenants and declarations commenced prior to the Policy's inception;

    f. The Policy excludes coverage for "personal and advertising injury" that was caused by or at the direction of J & R with knowledge that its actions infringed upon or violated the declarations and covenants;

    g. The Policy does not provide coverage for attorney's fees, as claimed in the Underlying Action; and

    h. The Policy does not provide coverage for punitive damages, as claimed in the Underlying Action.

35. The Montana Uniform Declaratory Judgment Act at §§ 27-8-101 *et seq.* permits this Court to adjudicate and declare the rights and obligations of the parties under the Policy.

36. EMC seeks a declaratory ruling from this Court that there is neither a duty to defend nor a duty to indemnify J & R, Ryan Fast and Jason Sauer from and against the Underlying Action and that the Policy does not cover any of the claims of Cool Investment alleged in the Underlying Action.

WHEREFORE, Plaintiff EMC prays as follows:

1. For an order of the Court declaring and adjudging that EMC has neither a duty to defend nor a duty to indemnify J & R, Ryan Fast and Jason Sauer from and against the allegations brought against them in the Underlying Action;

2. For an order of the Court that the policy does not cover any of the claims of Cool Investment in the Underlying Action;

3. For recovery of the fees and costs incurred in the defense of the Underlying Action;

4. For such costs of suit incurred herein; and

5. For such other and further relief as may be necessary and proper.

DATED this 21st day of June, 2023.

          UGRIN ALEXANDER ZADICK, P.C.

          By:   /s/ Gary M. Zadick
               Gary M. Zadick
               #2 Railroad Square, Suite B
               P.O. Box 1746
               Great Falls, Montana 59403
               Attorneys for Plaintiff